SCOTT KEITH WILSON, Federal Public Defender (#7347)
KRISTEN R. ANGELOS, Assistant Federal Public Defender (#8314)
ROBERT K. HUNT, Assistant Federal Public Defender (#5722)
**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF UTAH**
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Email:  kris_angelos@fd.org and robert_hunt@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALLISON MARIE BAVER,<br><br>Defendant. | OBJECTION TO PROPOSED JOINT FINAL INSTRUCTION NO. 34<br><br><br>Case No. 2:21-cr-00520 JNP |

Pursuant to Federal Rule of Criminal Procedure 30(d), defendant objects to the Court's refusal to give her instruction defining "knowingly" for purposes of 18 U.S.C. § 1014.

Section 1014 criminalizes "knowingly" making a false statement but doesn't define knowingly. Ms. Baver proposed an instruction defining "knowingly" to require that a jury find she subjectively knew a statement was false before convicting her of a violation of § 1014:

**Knowingly**

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Knowledge requires a defendant's subjective knowledge of a fact. Knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless,

1

or foolish. The government cannot prove that the defendant had guilty knowledge of the falsity of a statement by proving that a reasonable person under the same circumstances would have known the statements to be false. That a statement was made knowingly can be inferred from the circumstances surrounding its making.

Defendant's Requested Instruction.

This Court's Final Instruction 34 begins the same way as the Requested Instruction:

Knowingly

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that that defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded herself to the existence of a fact.

Instruction 34.

Both instructions quote the beginning of the Tenth Circuit Pattern Instruction 1.37 for deliberate ignorance. That is where the similarity ends, however. Final Instruction 34 adds part of the definition of deliberate ignorance in Pattern Instruction 1.37, but omits the rest. The Requested Instruction instead explains that the government has the burden to prove Ms. Baver subjectively knew that a statement was false to be convicted under § 1014. The Requested Instruction is supported by the Tenth Circuit's recent caselaw regarding the meaning of "knowingly or intentionally" and accurately states the government's burden.

In *Ruan v. United States*, the government argued that a statute that explicitly required a mens rea of "knowingly or intentionally" should be read as "implicitly containing an 'objectively reasonable good-faith effort' or 'objective honest-effort standard.' " 213 L. Ed. 2d 706, 142 S. Ct. 2370, 2381 (2022). The Supreme Court rejected this approach, observing that the government would "turn a defendant's criminal liability on the mental state of a hypothetical 'reasonable' doctor, not on the mental state of the defendant himself or herself." *Id*. *Ruan* also rejected the government's argument that, without an objective approach to mens rea, doctors "claiming

2

idiosyncratic views" could escape criminal liability: "With few exceptions, wrongdoing must be conscious to be criminal." *Id*. at 2377 (quotation and citation omitted). A requirement that a defendant act knowingly means the government has the burden to prove the defendant's state of mind to secure a conviction, and the requirement of subjective knowledge plays "a critical role in separating a defendant's wrongful from innocent conduct." *Id*. at 2379, 2382.

*Ruan* also reversed a Tenth Circuit case that had embraced an objective standard under the same statute. In *United States v. Kahn*, the Tenth Circuit recognized that the Supreme Court didn't share its concern that a subjective standard would permit defendants with unreasonable beliefs to escape liability: "*Ruan* holds that an unreasonable pharmacist may not be convicted if he did not intend to act in an unauthorized way." 58 F.4th 1308, 1316 n. 4.

Like the question of whether a defendant believed a prescription was authorized in *Ruan*, the defendant's knowledge of the falsity of a statement is crucial to separating violations of § 1014 from innocent conduct. Final Instruction 34 lowers the government's burden of proof by removing the requirement that the government prove Ms. Baver was subjectively aware of the falsity of any statement on which the government would rely for conviction.

This point is brought home by the fact that Final Instruction 34 quotes the first 2/3 of Pattern Instruction 1.37 but omits the final sentence. Pattern Instruction 1.37 concludes that

> Knowledge can be inferred if the defendant was aware of a high probability of the existence of [the fact in question], *unless the defendant did not actually believe [the fact in question]*.

Tenth Circuit Pattern Instruction 1.37 (emphasis added). The fact in question here is the falsity of the statements, and the full text of 1.37 accordingly doesn't permit conviction if the defendant didn't "actually believe" that the statements were false.

Final Instruction 34 permits conviction based on an objective, reasonable-person standard, lowering the government's burden of proof. Final Instruction 34 also serves to shift the burden of proof to the defendant. Allowing the government to prove knowledge by the fact of deliberate ignorance effectively requires the defendant to prove a lack of deliberate ignorance. That improperly shifts the burden of proof to the defendant.

It is also anticipated that the evidence at trial will support a good-faith instruction. Ms. Baver accordingly submits the following instruction:

### GOOD FAITH—FALSE STATEMENTS

If the defendant acted in good faith, then she lacked the knowledge required to prove the violations of § 1014 charged in Counts 1–8. A defendant acted in good faith if, at the time, she honestly believed the truthfulness of the statement that the government has charged as being false.

A defendant does not have to prove her good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted knowingly as charged in Counts 1–8.

Seventh Circuit Pattern Instruction 6.10, Good Faith—Fraud/False Statements/Misrepresentations.

In order to convict Ms. Baver, the government must prove she knew the statements on which the government relies were false. Final Instruction 34 permits conviction based on a lower standard. Ms. Baver accordingly objects to it.

DATED this 23rd day of June, 2023.

/s/ Kristen R. Angelos
KRISTEN R. ANGELOS
Assistant Federal Public Defender


/s/ Robert K. Hunt
ROBERT K. HUNT
Assistant Federal Public Defender